**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HILDEBRANDT, et al., *Plaintiffs*, v. SIPARADIGM LLC; HEALTH LYNKS, LLC; AZIZ SAAD; CHRIS WEIDMAN; JOHN and JANE DOES 1-10; and ABC CORPS. 1-10, *Defendants*. | Civil Action No. 23-21835 OPINION December 31, 2025 |

**SEMPER**, District Judge.

Before the Court is Defendants Health Lynks, LLC ("Health Lynks"), siParadigm Diagnostics Informatics ("siParadigm"), Aziz Saad ("Saad"), and Chris Weidman's ("Weidman") (collectively, "Defendants") Motion to Strike Plaintiffs' Consolidated Complaint (ECF 43, "Consolidated Complaint" or "C. Compl.") pursuant to Federal Rule of Civil Procedure 12(f) and 8(a)(2), or, in the alternative, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 50; ECF 50-1, "Defs. Br.") Plaintiffs filed a brief in opposition. (ECF 54, "Opp.") Defendants filed a reply. (ECF 55, "Reply.") The Court reviewed the Plaintiffs' Consolidated Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court *sua sponte* dismisses Plaintiffs' Consolidated Complaint for failure to comply with Federal Rule of Civil Procedure 8. Defendants' motion to strike and alternative motion to dismiss is denied as moot.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

   A. **Factual Background**

Plaintiffs Eric Hildebrandt ("Hildebrandt"), Paul Christian Burk ("Burk"), Laina Dutton ("Dutton"), Lawrence LaMaina ("LaMaina"), Samantha Libby ("Libby"), Efthimios Mariakakis ("Mariakakis"), Michael McDonough ("McDonough"), Lindsey Forbus ("Forbus"), AJ Holderman ("Holderman"), Edward Dix ("Dix"), Peter Franzone ("Franzone"), John Berry ("Berry"), Ryan Miller ("Miller"), Hank Swank ("Swank"), John Ferrazza ("Ferrazza"), Charles Taylor ("Taylor"), and Virginia Lee ("Lee"), bring this action on behalf of themselves and all similarly-situated individuals (the "Class") who are seeking recovery against Defendants for alleged breaches of contract, fraudulent misrepresentations, and unfair business practices. (C. Compl. ¶ 1.)

Defendants employed Plaintiffs as sales managers and sales specialists to secure laboratory orders from potential health care professionals. (*Id.* ¶ 61.) These orders were then fulfilled by Defendants' laboratories, located throughout the United States and overseas. (*Id.* ¶ 62.) Plaintiffs would travel to these prospective clients to secure laboratory contracts for Defendants. (*Id.* ¶ 63.) All Plaintiffs began working for Defendants sometime in 2021 or 2022.[2] Plaintiffs were based in states across the country, including New York, Ohio, Connecticut, North Carolina, Pennsylvania, Louisiana, Florida, Arizona, Virginia, and Illinois. (*Id.* ¶¶ 23-38.)

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The facts and procedural history are drawn from the Consolidated Complaint (ECF 43) and documents integral to or relied upon by the Consolidated Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] The Consolidated Complaint does not clearly state the start and end dates for each Plaintiff's employment. (*See generally* C. Compl.) Instead, the Court has gathered the general start dates provided by each Plaintiff's offer letter. (*See* ECF 50-2, Certification of Joseph Fiteni ("Fiteni Cert."); ECF 50-3 to ECF 50-19, Fiteni Cert. Exs. A-Q.)

Plaintiffs' allegations against Defendants are wide-ranging. Plaintiffs all allege that they were subject to various changes in their commission structure, which resulted in unpaid wages. (*See, e.g.*, C. Compl. ¶¶ 20, 116, 121, 130, 142, 147, 153, 160, 166, 172, 177, 184, 189, 191-92, 206, 689, 697, 700, 725, 745-46, 766-67, 785-86, 806-07, 830-31, 851-52, 872-73, 893-94, 914-15, 935-36, 959-60, 980-81, 1022-23, 1043-44.) Plaintiffs further allege that Defendants "misrepresented material terms of employment to induce Plaintiffs to leave stable positions and accept employment with [Defendant] siParadigm LLC and related entities." (*Id.* ¶ 687.) Additionally, Plaintiffs allege that Defendants "have engaged in a systemic pattern of age-based discrimination and retaliation against their older, experienced employees" by stripping away territories and roles from older employees and reassigning them to younger employees. (*Id.* ¶¶ 1440-41.)

Individual plaintiffs also allege that Defendants terminated them as retaliation for complaining about Defendants' violations of the Health Insurance Portability and Accountability Act ("HIPAA"), breach of contract, and change to commission structure, among other complaints. (*Id.* ¶¶ 109-10, 122-28, 139-40, 143-45, 149-52, 155-58, 162-64, 170-71, 174-77, 182, 190, 195-97, 209-13, 215-17.) Certain Plaintiffs also allege that they are disabled but were denied reasonable accommodations. (*See, e.g., id.* ¶¶ 204, 1695, 1703.) Plaintiffs make further allegations of wrongdoing throughout the Consolidated Complaint, such allegations that Defendant Chris Weidman's "engaged in a pattern of sexually inappropriate and unprofessional conduct" towards Plaintiff Forbus. (*Id.* ¶ 1718.)

**B. Procedural History**

On November 2, 2023, Plaintiffs filed their initial Complaint, which included claims on

3

behalf of Plaintiffs themselves, as well as a putative class. (ECF 1.) Plaintiffs' initial Complaint was thirty-five pages long and contained 250 paragraphs. (*See generally* ECF 1.)

On December 15, 2023, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 9.) On January 26, 2024, Plaintiffs requested leave to file an amended complaint (ECF 14), which Defendants consented to. (ECF 18.) On February 9, 2024, Plaintiffs filed their First Amended Complaint. (ECF 20, "FAC.") Plaintiffs' FAC was sixty-two pages long and contained 518 paragraphs. (*See generally* FAC.) On March 11, 2024, Defendants filed a Motion to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 21), and on December 30, 2024, this Court granted that motion. (ECF 34; ECF 35.) On January 30, 2025, Plaintiffs filed a Second Amended Complaint (ECF 36, "SAC."). Plaintiffs' SAC was 147 pages long containing 1,203 paragraphs. (*See generally* SAC.) On March 4, 2025, Defendants filed a Motion to Strike the SAC pursuant to Federal Rule of Civil Procedure 12(f), or in the alternative, a Motion to Dismiss pursuant to 12(b)(6). (ECF 41.)

On March 11, 2025, this Court issued a consolidation order and directed Plaintiffs to file a consolidated complaint for cases No. 24-cv-00265 and No. 23-cv-21835. (ECF 42.)[3] The Court directed Plaintiffs to file a consolidated complaint by March 28, 2025. (*Id.*) On March 28, 2025, Plaintiffs filed a consolidated complaint (ECF 43, "Consolidated Complaint" or "C. Compl.") alleging the following causes of action: Count One, breach of contract and implied

---

[3] Within case No. 24-cv-00265, Plaintiffs had filed a complaint against Defendants SiParadigm, LLC, Health Lynks, LLC, Mohammed Khan, Aziz Saad, Chris Weidman, John and Jane Does 1-10, and ABC Corps. 1-10 on January 17, 2024. (24-00265, ECF 1.) Plaintiffs' complaint alleged seven counts: breach of contract, fraud, violations of the conscientious employee protection act, age discrimination, disability discrimination, aiding and abetting, and sexual harassment. (*See id.*) Plaintiffs' complaint was seventy-three pages long containing 508 paragraphs. (*See generally id.*) Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 7, 2024. (24-00265, ECF 13.) This case was closed on March 11, 2025 with this Court's order to consolidate all future filings into the present case before the Court. (24-00265, ECF 18.)

covenant of good faith (*id.* ¶¶ 221-682); Count Two, fraud, (*id.* ¶¶ 683-1102); Count Three, aiding and abetting against Defendants Saad and Weidman (*id.* ¶¶ 1103-71); Count Four, unpaid commission and sign on bonus (*id.* ¶¶ 1172-1207); Count Five, violations of the New Jersey Conscientious Employee Protection Act, "New Jersey Invasion of Privacy," and "federal HIPAA violations" (*id.* ¶¶ 1208-1438); Count Six, age discrimination (*id.* ¶¶ 1439-1685); Count Seven, disability discrimination on behalf of Plaintiffs Dutton, Libby, Holderman, and Lee (*id.* ¶¶ 1686-1714); and Count Eight, sexual harassment on behalf of Plaintiff Forbus against Defendant Weidman (*id.* ¶¶ 1715-34). Plaintiffs' Consolidated Complaint is 229 pages long and contains 1,734 paragraphs and numerous subparagraphs.[4] (*See generally* C. Compl.) On April 16, 2025, Plaintiffs filed a supplemental filing to the Consolidated Complaint setting forth a breakdown of applicable state laws. (ECF 46, "Supplemental Filing.")[5] On May 2, 2025, Defendants filed a Motion to Strike Plaintiffs' Consolidated Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 8(a)(2), or in the alternative, a Motion to Dismiss pursuant to 12(b)(6). (ECF 50). On June 7, 2025, Plaintiffs filed an opposition. (ECF 54.) On June 20, 2025, Defendants filed a reply. (ECF 55.)

On August 26, 2025, Plaintiffs' counsel Tyrone Blackburn ("Blackburn") submitted a notice of errata asking the Court to consider corrected versions of the Consolidated Complaint, Supplemental Filing, and Opposition because Blackburn drafted those filings with the help of artificial intelligence ("AI") tools that "generated suggestions and citation fields that [Blackburn] mistakenly incorporated without fully verifying[.]" (ECF 57 at 2.)[6] The Court

---

[4] The Consolidated Complaint includes many additional sub-paragraphs. (*See generally* C. Compl.)
[5] The Court will not be considering this filing in this opinion. First, this exhibit, which appears intended to supplement the Consolidated Complaint, was untimely filed. (*See* ECF 42.) Second, it is rife with unchecked AI use and replete with incorrect quotations and citations. (*See* ECF 57 at 4-8 (letter from Plaintiff's counsel listing forty-three different instances of fabricated citations or case law within the Supplemental Filing).)
[6] Defendants raised concerns about Plaintiffs' AI use in their brief filed in support of their Motion to Strike and Dismiss. (*See generally* Defs. Br.) As Defendants noted, citations included in the Consolidated Complaint and

5

denies this request and will not consider Plaintiff's amended briefs or the errata at ECF 57 in this opinion. Instead, the Court treats any propositions or arguments supported by incorrect or made-up citations as unsupported.

### C. Plaintiffs' Counsel's Withdrawal

In a letter to the undersigned dated December 3, 2025 (ECF 59), Blackburn stated that due to "personal tragedies" and "extraordinary professional challenges" he is withdrawing from active practice and all pending matters before the Court, including this one. (*Id.* at 1.) Blackburn also represented that he was the "target of numerous bar complaints filed in bad faith…in nearly every jurisdiction in the country, including states where I am not licensed to practice." (*Id.* at 2.)

Plaintiffs' counsel's withdrawal follows several public incidents (*see generally id.*), including other instances in which he has improperly used AI. *See, e.g.*, *Jakes v. Youngblood*, No. 24-1608, 2025 WL 2371007, at *5 (W.D. Pa. June 26, 2025); *Kertesz v. Colony Tire Corp.*, No. 20-12364, 2025 WL 2779094, at *6 n.12 (D.N.J. Sep. 30, 2025) (issuing a warning for repeated AI use); *see also Zunzurovski v. Fisher*, No. 23-10881, 2024 WL 1434076, at *1-2, 5 (S.D.N.Y. Apr. 3, 2024) (referring Blackburn to the Southern District of New York Grievance Committee after Blackburn asserted that jurisdiction existed without conducting a reasonable inquiry to support that assertion and stating, "[t]here is a basis to believe that Blackburn is filing

---

Supplemental Filing are "simply made up – they either do not exist, or the cited case does not stand for the proposition asserted in any way." (*Id.* at 2.) Throughout their brief, Defendants provided multiple examples of AI use from the Consolidated Complaint. (*See id.* at 12-15.) Yet Blackburn did not address any of these allegations in Plaintiffs' Opposition Brief and instead continued to use fabricated citations. (*See generally* Opp.; Reply at 4.) In Plaintiffs' Opposition to the Motion to Dismiss, Blackburn also left in phrases such as, "Let me know when you'd like to proceed to the next section: Count Eight . . ." which is a marker of AI use. (Opp. at 30.) Additionally, as Defendants observed, Blackburn's letter at ECF 57 "still does not address the incorrect or inaccurate citations" to several cases, two of which were cited over fifty times in the Consolidated Complaint. (ECF 58 at 3.)

6

cases in this district without diligently investigating the existence of either jurisdiction or venue, as required by Rule [of Federal Procedure] 11.").

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Together, "Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 *Wright & Miller's Federal Practice and Procedure* § 1217 (2d ed. 1990)).

When a complaint does not comply with the requirements set out by Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1), "the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations omitted); *see also Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) ("[A] district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading."). However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Peay v. Sager*, 801 Fed. App'x 66, 68 (3d Cir. 2020) (quoting *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)).

## II. DISCUSSION

### A. Rule 8(a)(2) Analysis

Defendants have asked this Court to either strike Plaintiffs' Consolidated Complaint pursuant to Federal Rules of Civil Procedure 12(f) or 8(a)(2), or, in the alternative, to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs. Br. at 3.) Plaintiffs argue that the Rule 8 challenge is "baseless" because "[t]he Federal Rules do not impose any bright-line page or paragraph limit on complaints." (Opp. at 5.) This Court agrees with Defendants that Plaintiffs' Consolidated Complaint does not meet the standard for Federal Rule of Civil Procedure ("Rule") 8(a)(2) and dismisses the Consolidated Complaint on this basis. *See Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a court may dismiss a Complaint sua sponte for failure to comply with Rule 8 when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

Evaluating the "sufficiency of a pleading is a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). To determine whether the statement is "short and plain," courts look to "[t]he circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations[.]" *Garrett*, 938 F.3d at 93. There is "no single proper length for stating a particular claim[,]" and the "level of factual detail will vary with the complexity of the claim asserted." *Id.* (internal quotations and citations omitted). However, if the complaint is "excessively prolix and overlong," a District Court acts within its discretion when it dismisses the complaint. *Id.*

Here, Plaintiffs' Consolidated Complaint, which is 229 pages and contains 1,734 paragraphs, is "unnecessarily complicated and verbose." *Westinghouse*, 90 F.3d at 703 (affirming Rule 8 dismissal of claims in a 240-page class action complaint containing over 600 paragraphs); *see also Kamdem-Ouaffo v. Huczko*, 810 Fed. App'x 82, 83 (3d Cir. 2020) (affirming Rule 8 dismissal of a pro se plaintiff's complaint containing over 800 paragraphs); *Good v. I.R.S.*, 629 Fed. App'x 185, 186 (3d Cir. 2015) (affirming dismissal of a 92-page complaint "which contained few factual allegations"); *Okogun v. Trs. of Princeton Univ.*, No. 23-2402, 2024 WL 1427585, at *2 (3d Cir. Apr. 3, 2024) (affirming Rule 8 dismissal of 160-page complaint with many references of "uncited legal principles and conclusion"); *Salahuddin*, 861 F.2d at 43 (affirming dismissal of a 15-page single-spaced complaint); *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004) (finding that plaintiff's 61-page amended complaint containing 105 paragraphs "was still prolix and burdened with a bloated mass of unnecessary detail").

Not only is the Consolidated Complaint here overtly prolix and lengthy, but it is also unclear and "places a heavy burden on the Court and the [defendant] to decipher any relevant facts from a mass of verbiage." *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2023 WL 4408274, at *3 (D.N.J. July 7, 2023), *aff'd*, 2024 WL 1427585 (3d Cir. Apr. 3, 2024) (citing *Kamdem-Ouaffo*, 810 F. App'x at 84); *see also Parker v. Learn the Skills Corp.*, No. 3-6936, 2004 WL 2384993, at *2 (E.D. Pa. Oct. 25, 2004) ("While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable." (citing *Westinghouse*, 90 F.3d at 703)). Here, the Consolidated Complaint (1) fails to provide Defendants notice of the claims against it and (2) fails to provide comprehensible factual allegations. The Court addresses each deficiency in turn.

### 1.  Notice of Claims

The Consolidated Complaint does not provide Defendants with notice of the claims against them. *See Kamdem-Ouaffo*, 810 F. App'x at 84 ("The statement [under Rule 8] should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.")

Plaintiffs are represented by counsel. At a minimum, the Court should not need to parse through the Complaint to determine Plaintiffs' claims. *See Karupaiyan v. Atl. Realty Dev. Corp.*, 827 F. App'x 165, 168 (3d Cir. 2020) ("a complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery.") (internal quotation omitted). But such is the case here. For instance, Plaintiffs' first cause of action ("breach of contract and breach of the implied covenant of good faith and fair dealing") and second cause of action ("fraud"), both "invoke all appropriate and applicable…statutes, and laws" and refer the Court to the "Supplemental Jurisdictional Breakdown." (C. Compl. at 37, 105.) However, it is entirely unclear from the Consolidated Complaint which "appropriate and applicable" statutes and laws Plaintiffs refer to. Similarly, the sixth cause of action ("ADEA and all applicable state law violations"), seventh cause of action ("disability discrimination") and eighth cause of action ("sexual harassment") reference a panoply of federal and state laws without providing clarity as to which laws Defendants allegedly violated. (*See, e.g., id.* ¶¶ 1444, 1563, 1611, 1686-1714, 1732).

The Court is also unable to determine whether Plaintiffs' citations throughout the Consolidated Complaint to Defendants' alleged violation of certain statutes are intended to form distinct causes of action. For example, Plaintiffs repeatedly reference the New Jersey Wage Payment Law[7] (*e.g., id.* ¶¶ 264, 834, 855, 918), "HIPAA laws" (*e.g., id.* ¶ 240), the Equal Pay Act,

---

[7] Plaintiffs' repeated references to the New Jersey Wage Payment Law ("NJWPL") are particularly perplexing given that Plaintiffs dropped that cause of action from the FAC (*see* ECF 20) following Defendants' argument in their initial

10

29 U.S.C. § 206(d) (*e.g.*, *id.* ¶ 293) and Title VII of the Civil Rights Act of 1964 (*id.*) without clarity as to whether Plaintiffs intend to bring claims under these statutes.

### 2. Plaintiffs' Factual Allegations

While some of Plaintiffs' general factual allegations are discernable, *see* Section I, *supra*, Plaintiffs' presentation of the Consolidated Complaint makes it difficult for the Court to understand Plaintiffs' specific factual allegations.

First, Plaintiffs' Consolidated Complaint frequently contradicts itself. For example, Defendant Aziz allegedly stated, "[w]e can't keep paying these commissions; we need to restructure before Q2," in January 2023, and then subsequently failed to pay Plaintiff Ferrazza (C. Compl. ¶ 1194.) Plaintiffs also allege, however, that Ferrazza had stopped working for Defendants over a year earlier, on December 15, 2021 (*id.* ¶ 185). Similarly, Plaintiff Paul Christian Burk "requested clarity on the sudden shift in commission structure" from Defendant Aziz in a June 2022 meeting (*id.* ¶ 1181), even though he had allegedly been terminated "within days" of making a complaint about age-based reassignments in May 2022 (*id.* ¶¶ 1531-32). Plaintiff Virigina Lee was allegedly terminated in June 2022 (*id.* ¶ 1073), yet Plaintiffs allege several events involving Lee throughout 2023 resulting in a different alleged termination date of July 1, 2023 (*id.* ¶ 1224).

Plaintiffs allege that Plaintiff Samantha Libby was placed on a performance improvement plan on October 20, 2021, (*id.* ¶ 132), even though her offer letter is dated November 29, 2021 (Fiteni Cert. ¶ 6; ECF 50-6, Fiteni Cert. Ex. D., "Samantha Libby Offer Letter"). Additionally, although Libby was allegedly terminated in 2022 (*see* C. Compl. ¶¶ 1585-89), Plaintiffs continue to allege events involving Libby throughout 2023, including that Libby made complaints about HIPAA violations in July 2023 (*id.* ¶¶ 1305-10), and that Libby's position became "untenable" in

---

Motion to Dismiss that the NJWPL does not apply to out-of-state employees, and since the Plaintiffs here are not residents of New Jersey, the NJWPL is not applicable to these Plaintiffs. (*See* ECF 9-1 at 21-23.)

October 2023 (*id.* ¶ 1332). Plaintiff Laina Dutton's timeline is no clearer. Plaintiffs allege that in 2022, Dutton was stripped "of her territory, contacts, and opportunities," the "majority of her assigned accounts were transferred to two significantly younger, less experienced representatives[,]" and that after taking a "brief disability-related leave," Dutton "was constructively discharged, [and] forced to resign." (*Id.* ¶¶ 1547-55.) Yet, in August 2023, Dutton "received a commendation for her thorough compliance auditing[,]" (*id.* ¶ 1408), and then was somehow fired on October 5, 2023, even though she had allegedly been forced to resign in 2022. (*Id.* ¶ 1392.)

Plaintiffs' requested damages also contradict themselves throughout the Consolidated Complaint. For example, Plaintiffs variably allege that Dutton is owed over $85,000 in unpaid earned commissions (*id.* ¶ 121), and over $110,000 in unpaid earned commissions (*id.* ¶ 1182). Plaintiff LaMaina is allegedly owed over $40,000 in unpaid earned commissions (*id.* ¶ 130), and over $90,000 in unpaid earned commissions (*id.* ¶ 1183).

Second, the Consolidated Complaint is unnecessarily repetitive, with identical allegations repeated verbatim for each Plaintiff throughout. (*See, e.g.*, *id.* ¶¶ 227, 256, 280, 310, 364, 418, 447, 474, 499, 523, 549).) Additionally, Plaintiffs spend multiple paragraphs on seemingly irrelevant allegations, such as an explanation of the United States Health and Human Services' breach notification rule under HIPAA. (*See id.* ¶¶ 73-87.)

Next, Plaintiffs also re-assert claims that they previously voluntarily withdrew. For example, Plaintiffs allege age discrimination for Plaintiffs Eric Hildebrandt, Lindsey Forbus, John Berry, Hank Swank, Edward Dix, Ryan Miller, AJ Holderman, Laina Dutton, Lawrence LaMaina, Samantha Libby, Virginia Lee, Efthimios Mariakakis, Michael McDonough, and Paul Christian Burk. (C. Compl. ¶¶ 1439-1685.) However, Plaintiffs "AJ Holderman, Lindsey Forbus, Edward

Dix, Ryan Miller, and Hank Swank . . . [withdrew] their age discrimination claims" in Case No. 24-cv-00265. (24-cv-00265, ECF 16 at 13.)

Finally, in addition to the confusing and contradictory factual allegations made throughout the Consolidated Complaint, the Consolidated Complaint is replete with citations to irrelevant, and sometimes fabricated, case law. (*See, e.g.*, C. Compl. ¶¶ 247, 271, 298-301, 328-29, 352-55, 381-82, 409, 436-38, 464-65, 490, 515, 540, 566, 589, 610-11, 633-34, 657, 738, 760, 779, 800, 824, 845, 866, 887, 908, 929, 950, 974, 995, 1016, 1037, 1058, 1205, 1241, 1296, 1359, 1424, 1518, 1540, 1566, 1580, 1593, 1609;[8] *see also* ECF 59.) This Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *Chemtech Int'l v. Chem. Injections Techs., Inc.*, 247 Fed. App'x 403, 404-05 (3d Cir. 2007) (citing *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)). Furthermore, this Court will not consider Plaintiffs' "impertinent analyses of case law" throughout the Consolidated Complaint. *Kamdem-Ouaffo*, 810 Fed. App'x at 83.

Taken together, these issues make the Consolidated Complaint "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Peay*, 801 Fed. at 68.

### B. Leave to Amend the Consolidated Complaint

The Consolidated Complaint is Plaintiffs' first filing including all claims alleged against Defendants following the Court's consolidation order. (ECF 42, the "Consolidation Order.") When a dismissal is pursuant to Rule 8(a)(2), "a plaintiff should [generally] be given an opportunity to amend his complaint before the District Court dismisses it with prejudice." *Karupaiyan*, 827 Fed. App'x at 168 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002));

---

[8] This is not an exhaustive list of every instance of case law cited within the Consolidated Complaint.

*Salahuddin*, 861 F.2d at 42 ("When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8.").

This Court attempted to simplify the claims brought by Plaintiffs and promote efficiency and judicial economy in the Consolidation Order. The Consolidation Order evidently did not simplify these proceedings. While the Court is sympathetic to the time and resources Defendants have spent responding to Plaintiffs' complaints, under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires."

Finally, Plaintiffs' counsel's withdrawal gives Plaintiffs an opportunity to retain new counsel, if they wish, and file a coherent, proper amended consolidated complaint.

### IV.   CONCLUSION

For the reasons set forth above, the Court dismisses the Consolidated Complaint for failure to comply with Rule 8. Defendants' motion to strike and alternative motion to dismiss is denied as moot. The Court dismisses Plaintiffs' Consolidated Complaint without prejudice. Plaintiffs have thirty (30) days to file an amended pleading. If Plaintiffs do not file an amended pleading within that time, this action will be dismissed with prejudice. An appropriate order follows.

                                      */s/ Jamel K. Semper*  
                                      **HON. JAMEL K. SEMPER**  
                                      **United States District Judge**

Orig:  Clerk  
cc:     Leda D. Wettre, U.S.M.J.  
        Parties