

JOSEPH P. FITENI
Direct Dial 973.200.6389
jfiteni@dmklawgroup.com

February 17, 2026

**VIA ECF**

Hon. Jamel K. Semper, U.S.D.J.
Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   RE: *Eric Hildebrandt, et al. v. Health Lynks, LLC, et al.*
      D.N.J. Case No. 2:23-cv-21835-JKS-LDW

Dear Judge Semper and Magistrate Judge Wettre:

  This office represents Defendants Health Lynks, LLC, siParadigm Diagnostics Informatics and Aziz Saad (hereinafter, collectively, "Defendants"). We write in furtherance of our February 5, 2026 letter (ECF No. 62) regarding the Plaintiffs' failure to timely file an amended pleading and request for entry of a dismissal with prejudice.

  In response to Defendants' request, Plaintiffs' counsel sought, for the first time, an extension of time to file an amended pleading (ECF No. 63). Despite no response from the Court, late in the afternoon on Friday February 13th, Plaintiffs filed an additional letter concerning the proposed extension (ECF No. 64) and an Amended Complaint (ECF No. 65). In that correspondence, Plaintiffs' counsel finally addresses the purported need for an extension and the Court's prior decision. Despite previously informing the Court of his intent to take a leave of absence from practice of law, and a request for this Court to permit him time to obtain new representation for all of his clients - a course of action that the Court accommodated - he now indicates that he will continue to represent the Plaintiffs.

163 Madison Avenue, Suite 320
Morristown, NJ 07960
Tel: 973.200.6400
Fax: 973.200.6401
dmklawgroup.com

48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.537.9125
Fax: 212.537.9198
dmklawgroup.com

Donnelly Minter & Kelly, LLC

February 17, 2026
Page 2

Defendants respectfully request that the Court schedule a conference to address the status of this matter at the Court's earliest opportunity. Plaintiffs' counsel previously made representations to the Court that "due to 'personal tragedies' and 'extraordinary personal challenges'" he was "withdrawing from active practice and all pending matters before the Court, including this one." (*See* Opinion, ECF No. 60, at pg. 6). It was not until the deadline for the filing of the amended pleading that counsel first advised that not only is he now able to practice, but that he has also has recently had other medical issues affecting his practice, all of which, remarkably, only were worthy of mention to the Court after counsel ignored the deadlines provided to Plaintiffs to obtain substitute counsel.

Moreover, a review of the improperly filed Amended Complaint on its face makes clear that counsel has not addressed the Court's concerns set forth in the prior opinion with respect to conformance with F.R.Civ.P. 8(a)(2). The Amended Complaint remains in excess of 550 separately numbered paragraphs, and is over 85 pages in length (and single spaced – if double spaced, it would likely exceed 160 pages). It is clearly a "mass of verbiage" that the Court previously found to "overtly prolix and lengthy". By way of further example of the lack of due diligence in preparing and filing an amended pleading, counsel includes claims of a deceased individual, John Berry, which were previously recommended for dismissal, without subsequent objection by Plaintiffs' counsel (ECF No. 56).

To date, Defendants have been forced to file no less than five (5) separate motions to dismiss various iterations of Plaintiffs' allegations and amended pleadings. Plaintiffs' counsel's disregard for Court Rules, Orders and deadlines has and continues to prejudice the Defendants. In its last opinion dismissing Plaintiffs' "Consolidated Complaint" the Court indicated it was

"sympathetic to the time and resources Defendants have spent responding to Plaintiffs' complaints." (<u>See</u> Opinion, ECF No. 60, at pg. 14). Defendants appreciate the Court's sympathy, however, it is respectfully submitted that the costs and harm arising from Plaintiffs' flagrant and repeated disregard for the Court Rules and the decisions of this Court indicate that a greater level of intervention by the Court is warranted. Defendants simply cannot be the only litigants bound by the Court Rules and its decisions, and forced to suffer the endless costs caused by Plaintiffs' complete disregard for same.

Accordingly, Defendants respectfully submit a conference is required to address the status of this matter at the Court's earliest convenience.

We thank Your Honors for the Court's consideration of this matter.

            Respectfully submitted,

            */s/ Joseph P. Fiteni*

            JOSEPH P. FITENI

cc: Tyrone Blackburn, Esq.
   (via ECF)