<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC HILDEBRANDT, et al.,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>SIPARADIGM LLC; HEALTH LYNKS, LLC; AZIZ SAAD; CHRIS WEIDMAN; JOHN and JANE DOES 1-10; and ABC CORPS. 1-10,<br><br>　　　　*Defendants*. | Civil Action No. 23-21835<br><br>**ORDER**<br><br>February 18, 2026 |

**SEMPER**, District Judge.

**WHEREAS** Plaintiffs filed a consolidated complaint on March 28, 2025, (ECF 43, "Consolidated Complaint"); and

**WHEREAS** on May 2, 2025, Defendants moved to strike Plaintiffs' Consolidated Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 8(a)(2), or in the alternative, moved to dismiss pursuant to Rule 12(b)(6) (ECF 50); and

**WHEREAS** on December 31, 2025, this Court granted Defendants' motion to dismiss and provided Plaintiffs thirty (30) days to file an amended Complaint (ECF 60; ECF 61); and

**WHEREAS** Plaintiff failed to file an amended Complaint or request an extension within thirty days of the Court's December 31, 2025 Order at ECF 61; and

**WHEREAS** on February 5, 2026, Defendants requested the Court dismiss this case with prejudice based on Plaintiffs' failure to file an amended Complaint (ECF 62); and

**WHEREAS** on the same day, Plaintiffs filed a letter (a) informing the Court that Plaintiffs' counsel had asked Defendants for an extension to file an amended Complaint but Defendants did not respond and (b) requesting a 14-day extension to file the amended Complaint (ECF 63); and

**WHEREAS** on February 13, 2026, Plaintiffs filed another letter requesting leave to file the Third Amended Complaint and attached a proposed amended complaint (ECF 64; ECF 65); and

**WHEREAS** on February 17, 2026, Defendants filed a response to Plaintiffs' February 13, 2026 request (ECF 66); and

**WHEREAS** the Court does not find that good cause exists to extend Plaintiffs' deadline to file an amended complaint. *See* Fed. R. Civ. P. 6(b); and

**WHEREAS** "[a] district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if a plaintiff 'declar[es] his intention to stand on his complaint' by failing to timely amend it." *Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) (quoting *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016)).

Accordingly, **IT IS** on this 18th day of February 2026,

**ORDERED** that Plaintiffs' Consolidated Complaint (ECF 43) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of Court shall close this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk

cc:   Leda D. Wettre, U.S.M.J.
      Parties