# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

_____

MEMBER OF
NY & NJ BAR

_____

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY & DNJ

_____

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 17, 2026

VIA ECF
Jamel K. Semper, USDJ
Leda D. Wettre, USMJ
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: Hildebrandt, et al. v. siParadigm LLC, et al.
Civil Action No. 2:23-cv-21835-JKS-LDW

PLAINTIFFS' LETTER-MOTION FOR RECONSIDERATION OF
THE COURT'S FEBRUARY 18, 2026, ORDER PURSUANT TO
FED. R. CIV. P. 59(e) AND L. CIV. R. 7.1(i)

Dear Judge Semper, and Magistrate Judge Wettre:

Plaintiff respectfully moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of the Court's February 18, 2026, Order dismissing the action. This motion is timely, as it is filed within twenty-eight (28) days of the Court's Order. Reconsideration is warranted on two independent and well-recognized grounds: (1) the availability of previously unavailable, material evidence—namely, contemporaneous medical documentation substantiating counsel's incapacity during the relevant period—and (2) the need to prevent manifest injustice, where a short, medically excused delay has resulted in the effective termination of claims belonging to seventeen plaintiffs without adjudication on the merits.

The Court did not have the benefit of this documentary medical evidence at the time of its ruling. Nor did it have a full opportunity to consider the governing framework applicable where a procedural lapse operates, in effect, as a dismissal with prejudice. These considerations, taken together, warrant reconsideration and restoration of the case to the Court's active docket.

## I.      The Medical Basis for the Delay

The February 18 Order found that good cause did not exist to extend the January 30, 2026, filing deadline. Counsel respectfully submits that the medical facts now documented were not fully before the Court at the time of that ruling, through no fault of the Court, and that they bear directly on the good-cause analysis.

 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com



## T. A. BLACKBURN LAW

On January 23, 2026 — one week before the deadline — undersigned counsel underwent two invasive medical procedures performed by Jason Emer, M.D., a board-certified dermatologist in West Hollywood, California. On February 3, 2026, counsel underwent a third procedure. As confirmed in Dr. Emer's letter dated February 27, 2026, attached hereto as **Exhibit A**, counsel was placed under local anesthesia, was prescribed antibiotics, narcotic pain relievers, and antiemetics, and was directed by his physician to refrain from work for two weeks. That recovery period encompassed the January 30 deadline. Counsel was not inattentive to the Court's Order — he was physically unable to comply with it.

Counsel wishes to explain to the Court why this medical documentation was not submitted with Plaintiffs' earlier letters. The delay in providing the Court with Dr. Emer's letter was entirely due to Dr. Emer's availability, not any lack of diligence on counsel's part. Dr. Emer was away from his office and could not be reached by telephone during the period in which Plaintiffs' February 5 and February 13 letters were filed. Counsel made efforts to contact Dr. Emer during that time but was unable to do so. The letter was obtained as soon as Dr. Emer returned to his office, and it is presented to the Court herewith at the earliest possible opportunity.

Before the deadline passed, counsel contacted defense counsel, explained the medical situation, and requested a 14-day extension. Defense counsel said he would respond but did not. On February 5 — the same day Defendants filed their dismissal letter— Plaintiffs sought an extension from the Court. On February 13, Plaintiffs filed both a detailed explanatory letter and the fully prepared Third Amended Complaint, within the 14-day window originally requested. Counsel acted as diligently as his medical condition permitted at every stage.

## II.      The *Poulis* Framework and The *Pioneer* Factors

Plaintiffs respectfully draw the Court's attention to the Third Circuit's established framework for evaluating a conversion from a without-prejudice to a with-prejudice dismissal, not to suggest that the Court erred, but because counsel believes these standards — had the medical documentation been available earlier — would have supported a different outcome and may warrant a second look now that the record is more complete.

The Third Circuit has held that before a dismissal may be converted to one with prejudice as a sanction, courts are guided by the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. *See United States ex rel. Cressman v. Solid Waste Servs., Inc.*, 665 F. App'x 166, 168 (3d Cir. 2016). Plaintiffs respectfully submit that, with the benefit of the medical documentation now before the Court, several of these factors weigh in favor of reopening the matter. Counsel's incapacity during the precise deadline period speaks directly to the absence of willfulness or bad faith. There is no pattern of dilatoriness in the amendment process. Defendants have suffered no prejudice beyond the ordinary cost of litigation. Lesser remedies such as a brief extension were and remain readily available. And the underlying claims of 17 plaintiffs have never been adjudicated on the merits.

The four *Pioneer* factors point in the same direction. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Am. Classic Voyages Co.*, 405 F.3d 127 (3d



## T. A. BLACKBURN LAW

Cir. 2005). The delay was brief — 14 days. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983). The cause was a physician-documented medical emergency, not carelessness. This case is meaningfully different from situations in which courts have declined to grant medical-incapacity relief on the ground that the attorney provided only a general or unverified claim of illness. *See Soly v. Warlick*, No. 1991-0212, 2015 WL 5735651, at *6 (D.V.I. Sept. 30, 2015) (relief denied where no doctor's note, no verified medications, and no explanation of how illness prevented timely filing). Dr. Emer's letter provides exactly what was absent in *Soly* — specific procedures, specific prescribed medications including narcotic pain relievers, and an explicit physician directive to refrain from work for the two-week period that encompassed the deadline. And counsel acted in good faith throughout, reaching out to opposing counsel before the deadline and filing both an extension request and a completed amended complaint promptly thereafter.

III.     The *Hoffman/Mann* Doctrine and Manifest Injustice

The Third Circuit has held that a plaintiff is deemed to stand on a complaint — and a without-prejudice dismissal becomes final — when the plaintiff fails to amend within the time allowed, even without an express declination to amend. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016); *Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023). Plaintiffs do not dispute that principle. Plaintiffs respectfully submit, however, that the equitable underpinning of that rule — that a plaintiff who sits on his rights has chosen not to pursue them — is simply not present here. Plaintiffs did not sit on their rights. They sought an extension before the deadline, explained the medical circumstances on the same day Defendants moved to dismiss, and filed a completed amended complaint within the originally requested 14-day window. The brief delay was caused by documented medical incapacity, not indifference, and relief from the deadline is warranted under the *Pioneer* and *Poulis* frameworks for that reason.

Closing the courthouse permanently to 17 plaintiffs whose claims have never been considered on the merits — over a 14-day delay caused by surgery and a physician's orders — would, with great respect, work a manifest injustice on the plaintiffs themselves, who bear no personal responsibility for the delay. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

IV.     The Third Amended Complaint

The Third Amended Complaint is significantly shorter and more focused than the prior filing — 85 pages and approximately 550 paragraphs compared to the prior 229 pages and 1,734 paragraphs. It removes the erroneous citations, eliminates the supplemental filing, corrects the timeline inconsistencies, and ties each claim to the applicable statute for each plaintiff. Where the complaint remains longer than a single-plaintiff case, that length reflects the requirements of Fed. R. Civ. P. 9(b), which demands particularized allegations — who, what, when, where, and how — for each fraud claim as to each of the 17 plaintiffs. Plaintiffs also confirm that claims on behalf of John Berry were inadvertently included and will be omitted from any clean version filed at the Court's direction.

///

///



## T. A. BLACKBURN LAW

V.      Conclusion

Plaintiffs respectfully request that the Court grant reconsideration of the February 18, 2026, Order, vacate the dismissal with prejudice, reopen this matter, grant a nunc pro tunc extension of the January 30, 2026, deadline, and permit Plaintiffs to file a clean copy of the Third Amended Complaint omitting Mr. Berry. Counsel is grateful for the Court's continued consideration and remains committed to proceeding in full compliance with the Court's directives.

Respectfully,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.

Enclosure: Exhibit A — Letter of Jason Emer, M.D., dated February 27, 2026

CC: All attorneys of record via ECF.

 347-342-7432    ✉ tblackburn@tablackburnlaw.com    TABlackburnlaw.com