**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ERIC HILDEBRANDT, *et al.*,

*Plaintiffs*,

v.

SIPARADIGM LLC; HEALTH LYNKS, LLC; AZIZ SAAD; CHRIS WEIDMAN; JOHN and JANE DOES 1-10; and ABC CORPS. 1-10,

*Defendants*.

Civil Action No. 23-21835

**OPINION AND ORDER**

October 27, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration. (ECF 68, "Motion" or "Mot.") Defendants opposed the Motion. (ECF 71, "Opposition" or "Opp.") The Court has decided the Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

**WHEREAS** Plaintiffs filed suit against Defendants on November 2, 2023. (ECF 1.) Defendants moved to dismiss, and Plaintiffs requested leave to file their First Amended Complaint, which this Court granted on February 7, 2024. (ECF Nos. 9, 14, 19.) Defendants again moved to dismiss, and this Court granted Defendants' motion on December 30, 2024. (ECF Nos. 21, 34-35.) Plaintiffs then filed their Second Amended Complaint on January 30, 2025. (ECF 36.) For a third time, Defendants moved to dismiss Plaintiffs' pleading on March 4, 2025. (ECF 41.) On March 11, before any opposition papers were due, the Court consolidated a related action into this matter and ordered Plaintiffs to file a consolidated complaint by March 28, 2025. (ECF 42.)

Plaintiffs timely filed their Consolidated Complaint, seeking recovery against Defendants for alleged breaches of contract, fraudulent misrepresentations, and unfair business practices. (*See* ECF 43, "Consolidated Complaint" or "C. Compl." ¶ 1.) On May 2, 2025, Defendants moved to strike, or in the alternative, dismiss Plaintiffs' Consolidated Complaint. (ECF 50.) On December 3, 2025, Plaintiffs' counsel filed a letter advising this Court that he was withdrawing from active practice and all pending matters, including this action. (*See* ECF 59.) On December 31, 2025, this Court dismissed Plaintiffs' Consolidated Complaint without prejudice for failure to comply with Rule 8 and granted Plaintiffs thirty days to file an amended consolidated complaint.[1] (ECF Nos. 60-61.) In its Opinion, the Court noted that this action would be dismissed with prejudice if Plaintiffs failed to timely file their amended pleading. (Op. at 14.) On February 5, 2026, Defendants alerted the Court to Plaintiffs' failure to file an amended consolidated complaint by the January 30 deadline. (ECF 62.) That same day, Plaintiffs belatedly requested a fourteen-day extension, (ECF 63), and then sought leave to file their amended pleading on February 13, 2026, (ECF Nos. 64-65.) This Court did not find good cause to grant the filing extension and ordered this matter dismissed with prejudice on February 18, 2026. (ECF 67, "Ord." at 2.) Plaintiffs filed the instant Motion on March 18, 2026, requesting reconsideration of the Court's Order pursuant to Rule 59(e) and Local Civil Rule 7.1(i).[2] (*See* Mot.); and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Courts reconsider a prior order only where a different outcome is justified by "(1) an

---

[1] To the extent relevant to the instant Motion, the Court incorporates the factual and procedural history from the December 31, 2025 Opinion, (ECF 60, "Op."), herein.

[2] Plaintiffs also filed a notice of appeal of the Court's Order on March 20, 2026, (ECF 69), which was docketed as No. 26-1628 in the Third Circuit Court of Appeals, (ECF 70).

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). Moreover, to be considered timely under Rule 59(e), a motion for reconsideration of a final judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, Plaintiffs ask this Court to vacate the dismissal with prejudice, reopen this matter, and permit Plaintiffs to file a "clean copy" of their amended pleading. (Mot. at 4.) Plaintiffs argue that reconsideration is warranted based on newly available evidence that allegedly proves they did not intend to stand on their Consolidated Complaint and the need to prevent manifest injustice. (*Id.* at 1-3); *see Lazaridis*, 591 F.3d at 669. Defendants argue that Plaintiffs'

Motion is untimely and procedurally improper,[3] Plaintiffs' evidence does not provide a basis to vacate the Court's dismissal with prejudice, and the Court's Order is not manifestly unjust. (*See* Opp. at 9-19); and

**WHEREAS** "[a] district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if plaintiff 'declar[es] his intention to stand on his complaint' by failing to timely amend it." *Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) (alteration in original) (quoting *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016)). Here, the Court dismissed Plaintiffs' Consolidated Complaint without prejudice on December 31, 2025, and stated Plaintiffs had until January 30, 2026 to amend their pleading. (*See* Op.) Plaintiffs failed to file an amended pleading by the Court's deadline, and in a February 5, 2026 letter to the Court, cited Plaintiffs' counsel's recent medical procedures on January 23 and February 3 and difficult recovery as cause for a *nunc pro tunc* 14-day extension. (*See* ECF 63.) Therefore, the Court was aware of Plaintiffs' counsel's medical status during the relevant period at the time of its February 18 Order converting the dismissal. (*See* Ord.); *Mann*, 2023 WL 2344225, at *2. That Plaintiffs include a newly available doctor's note that confirms Plaintiffs' counsel's medical procedures and subsequent medical advice in the instant Motion, (*see* ECF 68-1), does not alter the Court's outcome. Plaintiffs'

[3] Defendants argue that Plaintiffs' Motion is untimely under Local Civil Rule 7.1(i) because it was not filed within 14 days of the Court's Order. (Opp. at 9-10.) However, "[g]iven the finality of the Court's order of dismissal, Rule 59(e) applies, rather than the local rule, which addresses motions to reconsider interlocutory orders." *New Concepts for Living, Inc. v. Commc'ns Workers Loc. 1040*, No. 19-719, 2021 WL 2201835, at *2 n.2 (D.N.J. May 28, 2021) (citing *Navarrete v. United States*, 2013 WL 796274, at *2 (D.N.J. Mar. 4, 2013) (characterizing motion for reconsideration of final order as made under Rule 59(e)); *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (observing that L. Civ. R. 7.1(i), by its terms, does not apply to motions made under Rule 59(e))). Therefore, Plaintiffs' Motion, filed exactly 28 days after this Court's Order dismissing this matter with prejudice, is timely under Rule 59(e).

counsel was on notice of the January 30 deadline for 22 days before his first procedure, and yet he did not request an extension during that time. Moreover, Plaintiffs' counsel waited until January 29, a day before the deadline, to alert Defendants' counsel, not this Court, of his request for a 14-day extension and seek Defendants' consent. (ECF 63 at 5.) And even after Defendants' counsel advised Plaintiffs' counsel that he "may not have a response … before the … deadline at issue given the last-minute request," (*id.* at 4), Plaintiffs' counsel failed to seek an extension in this Court on or before January 30. Therefore, Plaintiffs declared an intention to stand on their Consolidated Complaint when they failed to timely file their amended pleading or seek an extension. (*See* Ord.); *see also Mann*, 2023 WL 2344225, at *3 ("Under this Circuit's precedent, a plaintiff is said to 'stand on his complaint' even if his failure to file a timely motion to amend was inadvertent."). Accordingly, the Court is satisfied that a conversion to dismissal with prejudice was warranted in this case; and

**WHEREAS** Plaintiffs argue that the Court should engage with the six factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) when converting a dismissal without prejudice to one with prejudice. (*See* Mot. at 2-3.) Courts consider the *Poulis* factors when determining whether a sanction of dismissal with prejudice due to a plaintiff's failure to comply with Court directives is appropriate; the factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal . . . ; and
> (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "[N]o single *Poulis* factor is determinative, and not all factors need to weigh in favor of dismissal for dismissal to be proper." *Younger v. Gross*, No.

25-2765, 2025 WL 3689228, at *2 (3d Cir. Dec. 19, 2025) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). Nevertheless, on rare occasions "a court may dismiss a case without considering the *Poulis* factors 'when a plaintiff acts contumaciously after the district court warns him that the case may be dismissed for noncompliance.'" *McLeod v. UPMC Children's Hosp. of Pittsburgh*, No. 21-116, 2026 WL 937373, at *4 (D.N.J. Apr. 7, 2026) (quoting *Bush v. Dep't of Hum. Servs.*, 485 F. App'x 594, 597 (3d Cir. 2012) (per curiam)). Here, the Court finds that consideration of the *Poulis* factors may not be necessary in this matter for two reasons. First, the Court's dismissal of Plaintiffs' Consolidated Complaint was a merits-based decision pursuant to Rule 8(a)(2), not a sanction-based dismissal under Rule 41(b). (*See* Op.); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) ("To determine if the District Court abused its discretion in dismissing a case under Rule 41(b), we review the manner in which it balanced the six factors enumerated in [*Poulis*]."). Second, after three years of multiple insufficient complaints, fueled by Plaintiffs' counsel's improper use of artificial intelligence ("AI") tools that culminated in several instances of fabricated citations and case law in the Consolidated Complaint, (*see id.* at 5-6 & nn.5-6), "adjudication of the case" has become "impossible" and therefore "balancing under *Poulis* is unnecessary."[4] *See McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012); and

**WHEREAS** "[f]or the sake of completeness, however, [the Court] will analyze the *Poulis* factors, which likewise support dismissal." *See, e.g.*, *Washington v. New Jersey Dep't of Corr.*, No. 19-12190, 2026 WL 2654199, at *2 (D.N.J. Aug. 17, 2026), *report and recommendation*

[4] As further evidence, Plaintiffs' latest amended pleading still contains a claim on behalf of the deceased John Berry, (ECF 65), despite the Court previously ruling against Plaintiffs' motion to substitute a party, (ECF 56). This "inadvertent[] inclu[sion]" is a reason why, in the instant Motion, Plaintiffs seek leave to file "a clean copy" of their amended pleading. (*See* Mot. at 3-4.)

*adopted,* No. 19-12190, 2026 WL 2645880 (D.N.J. Sept. 8, 2026). First, the parties do not suggest that Plaintiffs are personally responsible for failing to amend their pleading by January 30. Therefore, the first factor weighs against dismissal. However, Plaintiffs' "lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of [their] counsel." *Poulis*, 747 F.2d at 868. Particularly where in its December 31, 2025 Opinion, the Court acknowledged the fact that Plaintiffs' counsel took a leave of absence from the case on December 3 for personal reasons, (*see* ECF 59), and advised Plaintiffs that counsel's withdrawal provides "an opportunity to retain new counsel, if [Plaintiffs] wish, and file a coherent, proper amended consolidated complaint." (Op. at 14); and

**WHEREAS,** the second *Poulis* factor, "[p]rejudice to the adversary is a particularly important factor and 'bear[s] substantial weight in support of a dismissal.'" *McLeod*, 2026 WL 937373, at *6 (quoting *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (alteration in original)). In its Opinion, the Court also acknowledged "the time and resources Defendants have spent responding to Plaintiffs' complaints." (Op. at 14.) While Plaintiffs note that their delay in filing an amended pleading was short, (Mot. at 3), Plaintiffs' counsel admits that the amended pleading docketed on February 13, 2026 is not accurate due to the improper inclusion of a claim for the deceased John Berry, (*see id.* at 4), and "any further delays in the resolution of this case prejudices defendants in legal costs." *McLeod*, 2026 WL 937373, at *6. Moreover, "Defendants are entitled to finality, and any extension of this drawn-out case further prejudices Defendants." *Id.* Therefore, this factor favors dismissal; and

**WHEREAS,** the third *Poulis* factor, "a history of dilatoriness," again favors dismissal. 747 F.2d at 868 (emphasis omitted). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness." *Shabazz v. Carney*, No. 24-7967, 2026 WL 2620963, at *3 (D.N.J. Sept.

4, 2026) (quoting *Adams v. Trs. of N.J. Brewery Emps' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). "The time a case is pending before a court can factor into this analysis." *Washington*, 2026 WL 2654199, at *4. This matter has been pending for three years, and in that time the Court has expended considerable resources addressing multiple issues, including Plaintiffs' counsel's continued inappropriate inclusion of claims on behalf of a deceased person (*see* ECF Nos. 1, 20, 22, 36-39, 43, 48, 51, 56, 65) and his improper use of AI that resulted in an incomprehensible and partially fabricated Consolidated Complaint (*see* Op.; ECF Nos. 43, 46, 54, 57), which has caused unreasonable delay. Moreover, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court." *Poulis*, 747 F.2d at 868. Therefore, Plaintiffs' failure to timely request an extension of the January 30 deadline in conjunction with Plaintiffs' counsel's conduct over the years constitutes a history of dilatoriness. *See McLeod*, 2026 WL 937373, at *6; and

**WHEREAS,** the fourth *Poulis* factor, whether Plaintiffs' counsel's conduct was "willful or in bad faith," weighs in favor of dismissal. 747 F.2d at 868 (emphasis omitted). "The absence of a reasonable excuse suggests that [the] conduct was willful or done in bad faith." *Washington*, 2026 WL 2654199, at *4 (citations omitted). Plaintiffs argue that their counsel's "incapacity during the precise deadline period speaks directly to the absence of willfulness or bad faith." (Mot. at 2.) Defendants, however, contend that counsel's medical status during the period of January 23-30 may not have occurred as represented to this Court. (*See* Opp. at 18-19 & n.5 ("A review of publicly available filings at the District Court level confirms that … Plaintiffs' counsel was working throughout the period in question.").) Regardless of Plaintiffs' counsel's alleged incapacitation during the week prior to the January 30 deadline, counsel did not "make any effort

to communicate with Defendants or the Court" before his January 23 medical procedure, which, as discussed *supra*, encompasses a majority of the 30-day period. *See McLeod*, 2026 WL 937373, at *6. Nor does Plaintiffs' counsel suggest that he was incapacitated from December 31 through January 22. (*See* Mot.) Accordingly, the Court finds no excuse, let alone a reasonable excuse, for Plaintiffs' counsel's failure to either timely file an amended pleading or request an extension. *See Washington*, 2026 WL 2654199, at *4. Therefore, the fourth factor favors dismissal. *See, e.g.*, *Gremo v. Bayer Corp.*, No. 19-13432, 2025 WL 509164, at *4 (D.N.J. Feb. 13, 2025) ("[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor." (alterations in original) (internal quotation marks and citations omitted)); and

**WHEREAS,** the fifth *Poulis* factor, "requires courts to consider the effectiveness of other, less drastic sanctions." *McLeod*, 2026 WL 937373, at *7. "The Third Circuit has articulated several potential alternative sanctions, including 'a warning, a formal reprimand, ... a fine, the imposition of costs or attorney fees,' striking a pleading in part, or administrative termination." *Washington*, 2026 WL 2654199, at *4 (citations omitted). In this case and others, the Court and neighboring courts have issued warnings and called attention to Plaintiffs' counsel's "repeated AI use" and other inappropriate behavior. (*See* Op. at 5-7.) Yet, after such incidents, Plaintiffs' counsel still sought leave to file an amended pleading that contains inaccuracies and does not comply with this Court's prior rulings. (*See* ECF 65 (contravening the Court's Letter Order at ECF 56).) Due to Plaintiffs' counsel's history of noncompliance and delinquencies, the Court finds that alternative sanctions would be ineffective, and thus the fifth factor favors dismissal. The Court gives this finding more weight in the context of Plaintiffs' counsel's representation that he is continuing as counsel in this matter a mere two and a half months after representing to the Court

that he is withdrawing from practice and "actively working to help [Plaintiffs'] secure new representation." (*See* ECF Nos. 59, 64); and

**WHEREAS,** the sixth and final *Poulis* factor, the meritoriousness of Plaintiffs' claims, also supports dismissal. 747 F.2d at 868 (emphasis omitted). "'[I]n situations where the overwhelming balance of the first five *Poulis* factors weigh in favor of dismissal,' courts need not address the underlying merits of the case." *Washington*, 2026 WL 2654199, at *5 (quoting *Johnson v. Nelnet, Inc.*, No. 23-22486, 2025 WL 3707274, at *4 (D.N.J. Dec. 22, 2025)). Yet, to be sure, the Court has dismissed Plaintiffs' claims without prejudice twice, once before consolidation pursuant to Rule 12(b)(6), (ECF Nos. 34-35), and once after consolidation for failure to comply with Rule 8(a)(2), (ECF Nos. 60-61). Plaintiffs argue that they have corrected the deficiencies identified in the Court's Opinions, to include shortening their pleading to "85 pages and approximately 550 paragraphs compared to the prior 229 pages and 1,734 paragraphs." (*See* Mot. at 3.) But Defendants argue that Plaintiffs' belated amended pleading is shorter only because Plaintiffs submitted a single-spaced document with unnumbered sub-paragraphs in disregard of Rule 10(b) and Local Civil Rule 7.2(d). (*See* Opp. 15-17.) Defendants further argue that Plaintiffs' claims continue to be "confusing and convoluted" in violation of Rule 8. (*See id.*) Therefore, "the Court has no basis to conclude that Plaintiff[s] can assert a meritorious claim in this case." *See Shabazz*, 2026 WL 2620963, at *4; *see also McLeod*, 2026 WL 937373, at *7 ("As the Court previously noted …, the allegations in the Amended Complaint are 'murky.' At this stage, the Court remains doubtful that the Amended Complaint has any merit."); and

**WHEREAS,** upon balancing the *Poulis* factors, the Court is satisfied that dismissal with prejudice remains warranted here as factors two through six weigh in favor. *See Clauso v. Martinelli*, No. 18-12217, 2024 WL 5202360, at *5 (D.N.J. Dec. 23, 2024) (noting that there is

"no requirement that every *Poulis* factor be met" and dismissing action with prejudice where five factors weighed "decidedly in favor of dismissal with prejudice"). In sum, while the Court is sympathetic to the medical challenges Plaintiffs' counsel has faced, case law in this Circuit compels dismissal with prejudice. Plaintiffs' purported new evidence does not justify a different outcome, nor does Plaintiffs' alleged manifest injustice. *See Lazaridis*, 591 F.3d at 669.

For the reasons stated above, **IT IS** on this **27th** day of **October** 2026;

**ORDERED** that Plaintiffs' Motion for Reconsideration (ECF 68) is hereby **DENIED**. This matter shall remain **CLOSED** pending appeal.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
Parties